RAYMOND W. DOBSON *vs*. PROVIDENCE TRIBUNE CO.

DECEMBER 12, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

RATHBUN, J. This is an action on the case for libel. The case is before us on the plaintiff's exception to the ruling of a justice of the Superior Court sustaining a demurrer to the declaration.

The declaration alleges that the plaintiff had been and was engaged in the business of managing boxers and of conducting and managing boxing and other athletic exhibitions and had conducted himself therein with skill, care, judgment and integrity, and had deservedly obtained the good opinion and credit of his neighbors and all others to whom he was known, and that the defendant, on January 29, 1924, in The Evening Tribune, published the following libel concerning him:

"Langevin Post, Veterans of Foreign Wars, has been promoting boxing shows down Arctic way since last summer and to date the books fail to reveal any profit in money. Plenty of experience, of course. Ray Dobson sees to that. Dobson is a manager of boxers. He also acts as match-maker for Langevin Post. Dobson makes a practice of featuring his own boxers, and like all managers he 'cuts' his boxers, meaning that he takes a certain percentage of what they receive. The boxers are always paid, so Dobson is sure of 'getting his'. But Langevin Post is not making

money. The whole thing sifts down to this: Langevin Post is staging boxing shows in order to fatten Dobson's pocketbook. I'm wondering how much longer the members of Langevin Post intend to allow this state of affairs to exist."

The declaration alleged that the plaintiff by reason of the publication complained of has been injured in his good name, fame and credit; that he has been suspected of having acted dishonestly and unskilfully and that one George R. Bush, who was about to employ him, refused to do so by reason of said publication.

Applying to the language complained of the natural and ordinary meaning it can not be said that the publication necessarily charges that the plaintiff acted dishonestly or unskilfully. It does not appear from the declaration that the plaintiff owed to Langevin Post any duty to use his efforts to protect the interests of the Post. For aught that appears the plaintiff was free to further his own financial interests instead of those of the Post. If the plaintiff was in the employ of Langevin Post so that it was his duty by reason of such employment to be faithful to the Post the facts should have been stated in a prefatory averment. See *Kelley* v. *Flaherty*, 16 R. I. 234. The rule is stated in 25 Cyc. 452, 453, as follows: "Where the words declared are capable of conveying the defamatory meaning claimed for them, and also equally capable of conveying some other and innocent meaning, there must be an averment and innuendo showing not only that the words were intended by plaintiff (*sic.*) in a defamatory sense but that the hearers understood the language as conveying the alleged defamatory meaning."

It is within the discretion of the Superior Court to permit an amendment to the declaration. See *Hebert* v. *Handy*, 28 R. I. 317.

The plaintiff's exception is overruled and the case is remitted to the Superior Court for further proceedings.

*Littlefield, Otis & Knowles*, for plaintiff.
*John F. Murphy*, for defendant.